**GLANCY PRONGAY & MURRAY LLP**
Marc L. Godino (SBN 182689)
*mgodino@glancylaw.com*
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160

**SACKS WESTON DIAMOND, LLC**
Jeremy E. Abay (*phv* to be filed)
*jabay@sackslaw.com*
John K. Weston (*phv* to be filed)
*jweston@sackslaw.com*
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
Telephone: 219-925-8200
Facsimile: 267-639-5422

***Counsel for Plaintiff and Proposed Class***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW RICCO, JR., individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. **CLASS ACTION** |
| Plaintiff, | ) ) ) | COMPLAINT FOR NEGLIGENT AND WILLFUL VIOLATIONS |
| v. | ) ) | OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |
| DIRECT FUNDING NOW LLC, | ) ) | |
| Defendant. | ) ) ) | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
-1-

Plaintiff Andrew Ricco, Jr. ("Plaintiff"), individually and on behalf all others similarly situated, by and through his undersigned counsel, hereby brings this action against Direct Funding Now LLC ("Direct Funding"), and alleges the following:

## INTRODUCTION

1.      This action arises out of Direct Funding's pervasive use of an automatic telephone dialing system and an artificial or prerecorded voice to place unsolicited telemarketing calls to individuals, without their prior written consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and related regulations.

2.      Plaintiff brings this action individually and on behalf of all others similarly situated for damages and other legal and equitable remedies resulting from Direct Funding's negligent, willful, and/or knowing violations of the TCPA.

## PARTIES

3.      Plaintiff is an adult individual who resides in Gloucester County, New Jersey.

4.      Plaintiff is a "person," as defined by 47 U.S.C. § 153(39).

5.      Direct Funding is a California corporation with its principal place of business at 18100 Von Karman Avenue, Suite 850, Irvine, California 92612.

6.      Direct Funding is a "person," as defined by 47 U.S.C. § 153(39).

CLASS ACTION COMPLAINT

-2-

462221.2 DIRECTFUNDINGTCPA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the class is a citizen of a state different from Direct Funding.  Furthermore, this action is not exempt from jurisdiction pursuant to 28 U.S.C. § 1332(d) because more than two-thirds of the class members reside in states other than California.

8.     Jurisdiction also exists under 28 U.S.C. § 1331 since this action arises under the TCPA, which is a law of the United States.

9.     Venue is proper under 28 U.S.C. § 1391(b)(1), as Direct Funding resides in this judicial district.

10.     Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

11.     Direct Funding has placed numerous calls to Plaintiff's cellular telephone number ending in 6452.

12.     Direct Funding used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to call Plaintiff.

13.     Direct Funding used fake caller identification information to mask its identity (referred to as "spoofing").  Furthermore, incoming calls from Direct

CLASS ACTION COMPLAINT
-3-

Funding would often appear as telephone numbers similar to the Plaintiff's (*i.e.* containing the same area code) (referred to as "neighbor spoofing").

14.    The purpose of spoofing is to prevent the recipient from screening the incoming call.  Similarly, since the caller's telephone number constantly changes, the recipient is unable to block the caller.

15.    Automatic telephone dialing systems allow callers to engage in such spoofing techniques.

16.    When Plaintiff inadvertently answered a call from Direct Funding, there was a lengthy and unnatural pause from the time the call was answered by Plaintiff to the time a representative came on the line.  After the pause, an individual on the other line would identify himself/herself as a Direct Funding representative.

17.    Such a pause is typical of an automatic telephone dialing system. Moreover, an automatic telephone dialing system dials telephone numbers in bulk, and then seeks to match answered calls to an available representative.

18.    When calls from Direct Funding were sent to Plaintiff's voicemail, Direct Funding left a prerecorded voice message.

19.    For example, between January 30, 2019 and February 13, 2019, Direct Funding left at least three identical voicemails on Plaintiff's cellular phone, all containing the same prerecorded voice message.  Therein, a female states that she is calling in regards to "…a piece of mail we sent your business regarding a

preapproval for a business line of credit," and asks for a call back at 1-800-998-7961.

20.     The beginning of each Direct Funding voicemail is normally cut-off to some extent, which is indicative of a prerecorded voice message from an automatic telephone dialing system.   Moreover, an automatic system will often begin its prerecorded voice message prematurely, while a human knows to wait for the beep.

21.     When Plaintiff called 1-800-998-7961, a prerecorded voice message directed him to press "1" to speak to a "live loan specialist."   After pressing "1," Plaintiff was connected to a Direct Funding representative.

22.     Despite Plaintiff's instructions to stop calling, Direct Funding has continued to call Plaintiff and leave him voicemails.

23.     Upon information and belief, Direct Funding has called Plaintiff over 200 times within the past year, often calling five times a week and more than once per day.   Such quantity is consistent with the use of an automatic telephone dialing system.

24.     As a result of the spoofing practices described above, Plaintiff cannot differentiate between genuine business or personal calls and Direct Funding calls, and he loses time answering the latter.

25.    As a result of Direct Funding's abusive practice of leaving prerecorded voice messages in Plaintiff's voicemail, Plaintiff's voicemail inbox is usually full and cannot accept new messages.

26.    Direct Funding's calls are not made for "emergency purposes," as that term is used in 47 U.S.C. § 227(b)(1)(A).  The purpose of Direct Funding's calls was to solicit business and promote Direct Funding's services.

27.    Plaintiff has never been a customer of Direct Funding, nor has Plaintiff ever provided his contact information to Direct Funding.

28.    Direct Funding has never possessed Plaintiff's "prior express consent," as required by 47 U.S.C. § 227(b)(1)(A).

29.    The internet is full of complaints about unwanted calls from Direct Funding, and some discuss receiving the same prerecord voice message described above.  *See, e.g.*, https://directory.youmail.com/directory/phone/8009987961 (last visited Feb. 26, 2019) (listing nine complaints relating to 1-800-998-7961).  For example, on January 22, 2019, an individual identified as Maggie wrote:

> Same message as described above. Calls multiple times per day. Rachel, if I ever happen to meet you, I'd like to smack you upside the head. Hard.

*Id.*

30.    Another individual posted the following complaint on February 23, 2019 relating to 1-800-950-3219 (another Direct Funding number):

> I'm not even exaggerating when I tell you this company has left me no
> fewer than 100 voicemails over the past 2 years. I have opted out
> several times but with no success.

*See* https://800notes.com/Phone.aspx/1-800-950-3219 (last visited Feb. 26,
2019).

31.     Direct Funding has been sued on two prior occasions for what appears
to be the same or substantially similar misconduct.  *See Loyhayem v. Direct
Funding Now LLC*, No. 2:18-cv-5502-R-MAA (C.D. Cal.); *Strange v. Direct
Funding Now LLC*, No. 8:18-cv-1845-JLS-JDE (C.D. Cal.).  Upon information and
belief, both of these TCPA actions settled on an individual basis prior to the close
of pleadings.

32.     Despite the foregoing complaints and lawsuits, Direct Funding
continues to make unsolicited telemarketing calls using an automatic telephone
dialing system and an artificial or prerecorded voice.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a
proposed class, defined as follows:

> All persons within the United States who received on their cellular
> telephone a solicitation or telemarketing call from Direct Funding,
> which was made using an automatic telephone dialing system or an
> artificial or prerecorded voice, within the four years prior to the filing
> of this Complaint.  Excluded from this Class are all persons who
> provided express consent to Direct Funding prior to receiving any
> such call.

34.     Plaintiff reserves the right to divide into subclasses, expand, narrow, or otherwise modify the foregoing class definition prior to (or as part of) filing a motion for class certification.

35.     The members in the proposed class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court.

36.     There are questions of law and fact common to the class, which predominate over any individual issues.  These common questions include, without limitation:

       a.     Whether Direct Funding made telemarketing or solicitation calls using an automatic telephone dialing system;

       b.     Whether Direct Funding made telemarketing or solicitation calls using an artificial or prerecorded voice;

       c.     Whether Direct Funding has or had a written policy for maintaining a do-not-call list, and whether that policy was followed;

       d.     Whether Direct Funding has or had a policy for obtaining prior express consent before placing calls that use an automatic telephone dialing system or an artificial or prerecorded voice, and whether that policy was followed;

       e.     Whether Plaintiff and the class members were damaged by Direct Funding's telemarketing practices;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

f.      Whether Direct Funding negligently or willfully and/or knowingly violated the TCPA;

g.      Whether Direct Funding should be enjoined from making telemarketing or solicitation calls using an automatic telephone dialing system or an artificial or prerecorded voice; and,

h.      Whether Direct Funding should be enjoined from masking or otherwise misrepresenting its caller identification information.

37.    Plaintiff's claims are typical of the class members' claims in that they are based on the same underlying facts, events, and circumstances relating to Direct Funding's telemarketing practices.

38.    Plaintiff will fairly and adequately represent and protect the interests of the class, has no interests incompatible with the interests of the class, and has retained counsel competent and experienced in class action litigation.

39.    Class treatment is superior because it may be economically unfeasible for certain class members to pursue remedies on an individual basis.

40.    Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct applicable to Direct Funding.

41.    Direct Funding's misconduct is systemic in nature, thus requiring legal and equitable relief that is applicable to the entire class.

CLASS ACTION COMPLAINT

462221.2 DIRECTFUNDINGTCPA

42.     In the absence of class treatment, Direct Funding is likely to continue violating the statutory rights of individual class members, as already demonstrated.

## FIRST CAUSE OF ACTION
### Negligent Violations of the TCPA, 47 U.S.C. § 227(b)

43.     Plaintiff repeats and incorporates by reference the allegations set forth above.

44.     Direct Funding negligently violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by placing telemarketing calls to the Plaintiff and class members' cellular telephones using an automatic telephone dialing system without the Plaintiff and class members' prior express consent.

45.     Direct Funding negligently violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by placing telemarketing calls to the Plaintiff and class members' cellular telephones using an artificial or prerecorded voice without the Plaintiff and class members' prior express consent.

46.      The foregoing calls were an annoying and disruptive invasion of privacy, and violated the statutory rights of the Plaintiff and class members.

47.     For each negligent violation, Plaintiff and the class members are entitled to actual damages or an award of $500 in statutory damages, whichever greater.  47 U.S.C. § 227(b)(3).

48.     Plaintiff and the class members are also entitled to and seek injunctive relief prohibiting Direct Funding from placing future calls that negligently violate the TCPA and related regulations.  47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227(b)

49.     Plaintiff repeats and incorporates by reference the allegations set forth above.

50.     Even after Plaintiff and other class members instructed Direct Funding to stop calling them, Direct Funding continued to make numerous solicitation calls to Plaintiff and other class members.

51.     Despite being sued on two prior occasions for TCPA violations, Direct Funding continues to engage in the same illegal conduct.

52.     As demonstrated, Direct Funding's TCPA violations are knowing and/or willful.

53.     Direct Funding knowingly and/or willfully violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by placing telemarketing calls to the Plaintiff and class members' cellular telephones using an automatic telephone dialing system without the Plaintiff and class members' prior express consent.

54.     Direct Funding knowingly and/or willfully violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by placing telemarketing calls to the Plaintiff and class

members' cellular telephones sing an artificial or prerecorded voice without the Plaintiff and class members' prior express consent.

55.     The foregoing calls were an annoying and disruptive invasion of privacy, and violated the statutory rights of the Plaintiff and class members.

56.     For each knowing and/or willful violation, Plaintiff and the class members are entitled to treble damages or an award of $1,500 in statutory damages, whichever greater.  47 U.S.C. § 227(b)(3).

57.     Plaintiff and the class members are also entitled to and seek injunctive relief prohibiting Direct Funding from placing future calls that knowingly and/or willfully violate the TCPA and related regulations.  47 U.S.C. § 227(b)(3).

## **PRAYER FOR RELIEF**

58.     **WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for the following relief:

a.     An order certifying this matter as a class action, appointing plaintiff as class representative, appointing his attorneys as class counsel, and requiring Direct Funding to bear the cost of class notice;

b.     An order enjoining Direct Funding from placing any telemarketing or solicitation calls using an automatic telephone dialing system or an artificial or prerecorded voice;

CLASS ACTION COMPLAINT

-12-

462221.2 DIRECTFUNDINGTCPA

c.     An order enjoining Direct Funding from placing any telemarketing or solicitation calls that mask or otherwise misrepresent the caller identification information;

d.     An award of damages equal to the maximum amount allowed under 47 U.S.C. § 227(b);

e.     An award of attorney's fees and costs;

f.     Pre- and post-judgment interest; and,

g.     Such other relief that the Court deems reasonable and just.

## JURY DEMAND

59.   Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 1, 2019

By: *s/ Marc L. Godino*
Marc L. Godino
*mgodino@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160

Jeremy E. Abay (*phv* to be filed)
*jabay@sackslaw.com*
John K. Weston (*phv* to be filed)
*jweston@sackslaw.com*
**SACKS WESTON DIAMOND, LLC**
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
Telephone: 219-925-8200
Facsimile: 267-639-5422
***Counsel for Plaintiff and Proposed Class***

CLASS ACTION COMPLAINT
-13-

462221.2 DIRECTFUNDINGTCPA